**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

GLEN VAN HOOSE
and DEBBY VAN HOOSE,

Plaintiffs,

v.

DAVOL INC. and C.R. BARD, INC.,

Defendants.

Case No.: 07-0576-CV-W-HFS

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**DAVOL INC. AND C.R. BARD, INC.**

Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), by and through their counsel, answer Plaintiffs' Complaint as follows:

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. The allegations in Paragraph 3 are not directed to Bard, and therefore no response is required. Davol admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island 02920. Answering further, Davol admits that it has conducted business in the State of

Missouri, and admits that it designed, distributed, marketed, advertised, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by “tested” and “promoted” beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations.

4. The allegations in Paragraph 4 are not directed to Davol, and therefore no response is required. Bard admits that it is a corporation organized under the laws of the State of New Jersey with its principal office and place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Bard denies each and every remaining allegation in Paragraph 4.

**JURISDICTION AND VENUE**

5. Defendants admit that the requirements of 28 U.S.C. § 1332 have been met.

6. The allegations in Paragraph 6 are conclusions of law to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

7. To the extent the allegations in Paragraph 7 are directed to Bard, Bard denies these allegations. Davol admits that at various times it designed, manufactured, and distributed various types of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

8. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias.

9. Defendants deny that the Composix® Kugel® Hernia Patch that Plaintiff received was defective, as alleged. Answering further, Defendants admit that a limited voluntary recall of certain Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007

due to the potential for the device's "memory recoil ring" to break, and Defendants further admit that there have been reports of "memory recoil ring" migration, intestinal fistulae, bowel perforation, and death.

10. Defendants admit that a limited voluntary recall of certain Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007 due to the potential for the device's "memory recoil ring" to break. Defendants further admit that the Food and Drug Administration categorizes a "Class I" recall as potentially life threatening or as posing a potential for serious bodily harm. Defendants deny each and every remaining allegation in Paragraph 10.

11. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 11 of the Complaint.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 12 of the Complaint, and therefore deny the same.

13. To the extent the allegations in Paragraph 13 are directed to Bard, Bard denies each and every allegation contained in Paragraph 13. To the extent the allegations in Paragraph 13 are directed to Davol, Davol admits that at various times it designed, manufactured, and distributed various types of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias. Davol denies each and every remaining allegation in Paragraph 13.

14. The allegations in Paragraph 14 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 14.

**COUNT I - Negligence**

15. In response to Paragraph 15 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

16. The allegations in Paragraph 16 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

17. Defendants deny the allegation in Paragraph 17 of the complaint.

18. The allegations in Paragraph 18, including subparts (a) through (h), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

19. The allegations in Paragraph 19 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

20. The allegations in Paragraph 20, including subparts (a) through (e), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

21. The allegations in Paragraph 21 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT II – Strict Liability: Product Defect Against All Defendants**

22. In response to Paragraph 22 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

23. To the extent the allegations in Paragraph 23 are directed to Bard, Bard denies these allegations. Davol admits that at various times it designed, manufactured, and distributed various types of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

24. The allegations in Paragraph 24 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

25. The allegations in Paragraph 25 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

26. The allegations in Paragraph 26, including subparts (a) through (c), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

27. The allegations in Paragraph 27, including subparts (a) through (g), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

28. The allegations in Paragraph 28 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

29. The allegations in Paragraph 29, including subparts (a) through (e), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

30. The allegations in Paragraph 30 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT III – Strict Liability: Failure to Warn Against All Defendants**

31. In response to Paragraph 31 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

32. To the extent the allegations in Paragraph 32 are directed to Bard, Bard denies these allegations. Davol admits that at various times it designed, manufactured, labeled, advertised, marketed, distributed, and sold various types of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

33. The allegations in Paragraph 33 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

34. The allegations in Paragraph 34 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

35. The allegations in Paragraph 35, including subparts (a) through (d), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

36. The allegations in Paragraph 36, including subparts (a) through (g), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

37. The allegations in Paragraph 37 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

38. The allegations in Paragraph 38 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

39. The allegations in Paragraph 39 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

40. The allegations in Paragraph 40, including subparts (a) through (e), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

41. The allegations in Paragraph 41 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT IV – Breach of Express Warranty**

42. In response to Paragraph 42 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

43. The allegations in Paragraph 43 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

44. The allegations in Paragraph 44 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

45. The allegations in Paragraph 45 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

46. The allegations in Paragraph 46, including subparts (a) through (e), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

47. The allegations in Paragraph 47 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT V – Breach of Implied Warranty**

48. In response to Paragraph 48 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

49. The allegations in Paragraph 49 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

50. The allegations in Paragraph 50 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

51. The allegations in Paragraph 51 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

52. The allegations in Paragraph 52 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

53. The allegations in Paragraph 53, including subparts (a) through (e), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

54. The allegations in Paragraph 54 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT VI – Negligent Misrepresentation**

55. In response to Paragraph 55 of the Complaint, Defendants incorporate by reference their responses to the allegations in all of the preceding paragraphs of the Complaint.

56. The allegations in Paragraph 56 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

57. The allegations in Paragraph 57 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

58. The allegations in Paragraph 58 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

59. The allegations in Paragraph 59 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

60. The allegations in Paragraph 60 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

61. The allegations in Paragraph 61, including subparts (a) through (e), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

62. The allegations in Paragraph 62 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT VII – Fraudulent Misrepresentation**

63. In response to Paragraph 63 of the Complaint, Defendants incorporate by reference their responses to the allegations in all of the preceding paragraphs of the Complaint.

64. Defendants deny the allegation in Paragraph 64 of the complaint.

65. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegation in Paragraph 66 of the complaint.

67. Defendants deny the allegation in Paragraph 67 of the complaint.

68. The allegations in Paragraph 68 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

69. The allegations in Paragraph 69 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT VIII – Loss of Consortium**

70. In response to Paragraph 70 of the Complaint, Defendants incorporate by reference their responses to the allegations in all of the preceding paragraphs of the Complaint.

71. The allegations in Paragraph 71 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

72. The allegations in Paragraph 72 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

73. The allegations in Paragraph 73 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Plaintiffs' Complaint has been improperly brought in the Western District of Missouri as it is an improper venue necessitating transfer to the proper venue(s).

6. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Missouri.

7. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiffs' claims in whole or in part.

8. Plaintiffs', or their agents', including their physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

9. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

11. If Plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

12. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiffs' claims.

13. The learned intermediary doctrine bars Plaintiffs' claims.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

18. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

19. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

20. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

21. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

22. Defendants have no legal relationship or privity with Plaintiffs and owes no duty to Plaintiffs by which liability could be attributed to it.

23. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

24. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

25. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

26. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

27. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

28. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the

United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in the Missouri constitution.

29. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Missouri constitution.

30. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Missouri and/or other applicable laws.

31. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

32. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Missouri.

33. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their rights to amend this Answer to assert such defenses.

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Respectfully Submitted,

BAKER STERCHI COWDEN & RICE, L.L.C.

/s/ Kara T. Stubbs, Esq.
Kara Trouslot Stubbs MO #43414
2400 Pershing Road
Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
*ATTORNEYS FOR DEFENDANTS*
*DAVOL INC. AND C.R. BARD, INC.*

`

OF COUNSEL:
Kirby T. Griffis, Esq.
Dana A. Gausepohl, Esq.
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW, Suite 900
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 10th day of September, 2007, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Thomas P. Cartmell, Esq.
Jeffrey M. Kuntz, Esq.
WAGSTAFF & CARTMELL, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
-and-
Derek H. Potts, Esq.
Timothy Sifers, Esq.
THE POTTS LAW FIRM
715 May Street, Suite 100
Kansas City, MO 64105
*ATTORNEYS FOR PLAINTIFFS*

/s/ Kara T. Stubbs, Esq.